UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:24-cv-129-CRS-LLK

REBECCA M.                                                       CLAIMANT

v.

COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied the claims of Rebecca M. ("Claimant") for disability insurance benefits under Tile II of the Social Security Act. Claimant has sought judicial review of that decision pursuant to 42 U.S.C. § 405(b). The Court referred this matter to United States Magistrate Judge Lanny King for preparation of a report and recommendation. Magistrate Judge King has recommended that the Commissioner's decision be affirmed. 12/23/2025 Report, DN 16, at PageID# 606. Claimant objects to that recommendation. 01/06/2026 Objection, DN 17. No response to Claimant's objection was filed and the time for doing so has passed. Accordingly, it is ripe for review. For the reasons stated below, the Court finds no merit in Claimant's objection and will therefore adopt the magistrate judge's well-reasoned Report as the opinion of this Court.

## BACKGROUND

Based on migraine headaches and other health conditions, Claimant applied for Title II disability benefits on June 3, 2022. Her claims were denied initially and on reconsideration. After a telephonic hearing, an administrative law judge ("ALJ") issued a written decision, concluding that Claimant was not disabled within the meaning of the Social Security Act. The Appeals Council denied Claimant's request for review on September 13, 2024. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a). Claimant initiated these judicial proceedings on November 12, 2024, seeking reversal of the ALJ's

decision. Complaint, DN 1. Following receipt of the administrative record and the parties' briefs, the magistrate judge rejected Claimant's argument for reversal and concluded that the decision to deny benefits should be affirmed.

Claimant had made one argument for reversal: the ALJ erred in reaching his assessment that the opinions of treating physician Dr. Eme Igbokwe were "minimally persuasive." Dr. Igbokwe is Claimant's treating neurologist. He completed a "Headaches Residual Functional Capacity Questionnaire" (the "migraine questionnaire") at the request of Claimant's attorney. Dr. Igbowke's completed questionnaire essentially concludes that Claimant cannot work due to the debilitating effects of her migraine headaches.

In turn, the ALJ was required to assess the persuasiveness of Dr. Igbowke's opinion under the applicable regulatory scheme. That scheme includes a determination as to whether the opinion is supportable. 20 C.F.R. § 404.1520c (a) & (b)(2). And it requires the ALJ to explain how he considered the supportability factor for Dr. Igbowke's opinion. 20 C.F.R. § 416.920c (a) & (b)(2). Claimant concedes that the ALJ engaged in this analysis. Motion for Summary Judgment, DN 11, at PageID# 578. Nonetheless, the ALJ erred, according to Claimant, because he "failed to appreciate the level of support Dr. Igbowke provided simply within the four corners of his assessment." *Id.* at PageID# 579. Claimant contended that this failure "prejudiced the ALJ's evaluation of Dr. Igbokwe's opinions." *Id.* at PageID# 580.

The magistrate judge rejected Claimant's argument, finding that the ALJ met the regulatory requirements with respect to his assessment of Dr. Igbowke's opinion and that his assessment was supported by substantial evidence. Report, DN 16, at PageID# 606. Claimant objects to this conclusion. She contends that the magistrate judge erred in his review of the ALJ's supportability determination because he "erroneously conflated the two mandatory factors of supportability and

2

consistency . . . ." Objections, DN 17, at PageID# 613. Claimant has not identified any other error by the magistrate judge.

## APPLICABLE STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of a magistrate judge's report to which a claimant timely and specifically objects in writing. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After considering all specific objections, the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

In this case, Claimant has raised a single specific objection: the magistrate judge erred because he "conflated the mandatory factors of supportability and consistency with one another." Objections, DN 17 at PageID# 612. Claimant asserts that the magistrate judge confused his discussion of supportability with a discussion of "activities of daily living, comparisons of other opinions, or other medical evidence"—none of which is relevant to the supportability factor. *Id.* at 613. This objection is without merit.

As explained by the magistrate judge, the ALJ's decision reflected his consideration of the content of Dr. Igbowke's completed migraine questionnaire and the opinions it contained. Based on that consideration, the ALJ found those opinions "were unsupported by the doctor's own treatment records." Report, DN 16, at PageID# 604. Plainly, the ALJ articulated the basis for his conclusion that Dr. Igbowke's opinions were minimally persuasive and the magistrate judge's Report expressly sets out this rationale. Contrary to Claimant's argument, the magistrate judge did not reach a conclusion as to the ALJ's supportability determination by conflating that review with a review of the record for consistency with Dr. Igbowke's opinions. Rather, the magistrate judge

emphasized that the objective, contemporaneous evidence contained in Dr. Igbowke's own records did not support the opinions he rendered in the migraine questionnaire. Report, DN 16, at PageID# 605. Yes, the magistrate judge used the word "inconsistency" to describe the absence of contemporaneous treatment notes that supported Dr. Igbowke's opinions. *Id.* But that word choice does not comprise error or a conflation of supportability-factors with consistency-factors. Instead, the magistrate judge properly focused on the ALJ's supportability determination as a separate matter:

> In addition, [the ALJ] carefully summarized the various opinions from treating neurosurgeon Dr. Igbokwe and explained in detail why the functional limitations contained therein were unsupported by the doctor's own treatment records.

*Id.* at PageID# 604. This language shows that the magistrate judge did not conflate whether Dr. Igbowke's opinions were supportable with whether they were consistent with evidence from other medical sources and nonmedical sources. *See* 20 C.F.R. § 404.1520c (c)(2) (defining consistency).

Moreover, supportability is defined with a focus on the "objective medical evidence." 20 C.F.R. § 404.1520c (c)(1). The degree of its relevancy to the opinions at issue is what determines how persuasive the opinion itself is. *Id.* Here, as the magistrate judge explained, the objective medical evidence included Dr. Igbokwe's own contemporaneous treatment records with respect to Claimant's migraines. Those contemporaneous records contradicted, or undermined to a degree, the opinions rendered by Dr. Igbokwe in the headache questionnaire. Report, DN 16 at PageID# 605 ("it is the inconsistency between the limitations assigned and Dr. Igbowke's own treatment records that is problematic."). For this reason, among others, the magistrate judge ultimately concluded that the ALJ's assessment of Dr. Igbowke's opinion stood on solid ground. *Id.* at PageID# 606. The Court finds no error in the magistrate judge's analysis.

Therefore, Claimant's Objections **(DN 17)** are **OVERRULED** and Magistrate Judge King's well-reasoned Findings of Fact, Conclusions of Law and Recommendation **(DN 16)** are **ADOPTED** in their entirety as the opinion of the Court and are incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being a no just reason for delay, this is a final Order.

February 11, 2026

Charles R. Simpson III, Senior Judge
United States District Court